**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**PATTY TAYLOR**                                                                                                          **PLAINTIFF**

**VS.**                              **CASE NO. 3:10CV00202 HDY**

**MICHAEL J. ASTRUE, Commissioner,
    Social Security Administration**                                                                **DEFENDANT**

**ORDER**

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income (SSI). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

This Court's review function is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." *Id*. The Court may not reverse merely because evidence would have supported a contrary outcome. *See id*.

The only disputed issue in this case is whether plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that will result in death, or that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A) and (B).

Plaintiff protectively filed for SSI on February 28, 2008, alleging disability since January 31, 2008. Her application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge (ALJ).

Plaintiff was 45 years old at the time of the hearing, which was conducted on November 4, 2009. (Tr. 29-60). The plaintiff, who has an eighth grade education, testified at the hearing. In addition, the plaintiff's daughter testified, as did a vocational expert. The plaintiff has past relevant work as a cashier and a cleaner/housekeeper. On December 22, 2009, the ALJ found the plaintiff was not disabled as defined in the Social Security Act. (Tr. 9-23). The ALJ specifically found the medical evidence established the plaintiff has the following severe impairments: fibromyalgia, chronic back pain with mild scoliosis, headaches, knee pain, anxiety and depressive disorder, not otherwise specified. The ALJ found the plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found the plaintiff has the residual functional capacity to perform the full range of light work with the following limitations: occasionally lift up to twenty pounds and ten pounds frequently; stand/walk six hours out of an eight hours with one to two hours without interruption; only occasional climbing, stooping, crouching, and kneeling; limited to unskilled or semi-skilled work; able to understand, follow and remember concrete instructions; contact with supervisors, co-workers, and the general public would have to be superficial, in that she could meet, greet, make change, and give simple instructions and directions. Relying upon the testimony of the vocational expert, the ALJ concluded the plaintiff was capable of performing her past relevant work and other work that exists in significant numbers in the national economy. Thus, the ALJ found the plaintiff was not disabled. The Appeals Council, on July 14, 2010, denied plaintiff's request for

review (Tr. 1-5), and plaintiff subsequently filed suit with this Court.

The ALJ considered her impairments by way of the familiar five-step sequential evaluation process.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b). If the claimant is, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether the claimant has a severe impairment or combination of impairments. *Id.*, § 404.1520©); *see* 20 C.F.R. § 404.1526. If not, benefits are denied; if so, the evaluation proceeds to the next step.

Step three involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id.*, § 404.1520(e). If so, benefits are denied; if not, the evaluation continues.

Step five involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given claimant's age, education and work experience. *Id.*, § 404.1520(f). If so, benefits are denied; if not, benefits are awarded.

In support of her request for reversal, plaintiff asserts that the ALJ's erred by: (1) failing to find that she had a combinations of impairments that equals Listing 1.02(a); and (2) erroneously determining the plaintiff's residual functional capacity (RFC). *Plaintiff's brief at 6-9.*

Regarding the first claim for relief, the plaintiff and defendant agree that the plaintiff bears

the burden of proving, at step three of the sequential analysis, that she met or equaled a listing. The parties also agree that Listing 1.02(a) is characterized by:

> (G)ross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the abnormal joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction or ankylosis of the affected joint, in addition to the involvement of one major peripheral weight-bearing joint (hip, knee, or ankle) *resulting in inability to ambulate effectively.* (Emphasis added).

The plaintiff does not prove she met the listing because she does not establish that she is unable to ambulate effectively. The defendant notes that the Regulations provide examples of ineffective ambulation, such as the inability to walk without the use of a walker, two crutches or two canes. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(2). The plaintiff testified to having walking problems, stating she could walk 25 feet. (Tr. 46). However, the ALJ is not required to accept the plaintiff's testimony at face value. In this instance, the ALJ found reason to discount the plaintiff's credibility. With regard to the ability to ambulate, the medical records show that the plaintiff worked in her flower bed, worked in her garden, lifted a basket of wet clothes, and took care of her two young grandchildren. (Tr. 19, 568, 585, 591-92, 623). The plaintiff did not testify to using assistive devices to walk. In addition, there was no medical care provider who opined that the plaintiff could not effectively ambulate. The plaintiff fails to carry her burden of proving that she met Listing 1.02(a).

The plaintiff's second and final argument is that the ALJ erred in evaluating her residual functional capacity (RFC). The plaintiff argues that the ALJ made only "vague references" to her medical records in determining her RFC. Docket entry no. 12 at page 8. A review of the ALJ's opinion, however, shows a detailed analysis of the medical records leading up to the RFC conclusion. For example, in addition to examining the individual medical care entries in the record,

the ALJ also summarized as follows :

> The overall nature and severity of the claimant's impairments have not been as a severe, debilitating and/or resistant to improvement with medical treatment intervention as alleged by the claimant. It must be emphasized that the Administrative Law Judge is bound by the Social Security Act and applicable regulations in reaching a final conclusion on the issue of disability.
> Although the claimant has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision. In addition, the medical records show that the claimant was babysitting her two year old and five year old grandchildren in early 2008; she reported to doctors at the White County Medical Center in April, 2009 that she hurt her back while she was moving and heavy lifting; she reported to the Strawberry Clinic in May, 2009 that she hurt her shoulder after working in her flower bed; she reported to the doctors at the White River Medical Center that she hurt her back after lifting a basket of wet clothes; and she reported to the doctors at the White River Medical Center in July, 2009 that she hurt her back after working in her garden. In addition, at the hearing the claimant testified that she had not driven a car in over two and half years. However, discharge records from White River Medical Center in May, 2009 indicated that the claimant left the hospital unaccompanied and driving.

(Tr. 18-19).

The ALJ also provided the following account of inconsistencies in the record, and his assessment of the inconsistencies:

> The records show inconsistencies regarding the claimant's response to treatment and causes of pain. The claimant reported to the East Arkansas Family Health Center in December 2007 that she had taken Paxil and Lorazepam in the past and that it had helped. However, she reported at the Strawberry Clinic in May, 2009 that she had a past use of Paxil with poor results. When she met with Dr. Alison Baker in March, 2008, the claimant reported improvement in her mood with Effexor and Seroquel. However, she reported at the Strawberry Clinic in May, 2009 that she had had no improvement with Effexor.
> The claimant also appeared at two different emergency rooms on the same day with two different reports regarding the cause of her back pain. It appears that the

> claimant first presented to the emergency room at the White River Medical Center on July 10, 2009 with complaint of lower back pain after working in her garden a few days earlier. Dr. William Henry noted some tenderness to palpation of the bilateral perispinious lumbar extensors, but that she had a normal range of motion and her gait was normal. He advised the claimant to take over the counter medication for relief. The claimant then presented to the emergency room at the White County Medical Center with complaints of low back pain after slipping on a wet porch a few days earlier. After an X-ray of her lumbar spine, Dr. Jason Biggers diagnosed the claimant with lumbar strain and provided her with a prescription for Flexeril and Vicodin.
> Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable.

(Tr. 20).

The ALJ, noting the absence of any restriction recommended by any doctor, reached his RFC conclusion based upon his assessment of the medical and testimonial evidence. We find substantial evidence supports his RFC conclusion, and find no merit to the plaintiff's claim to the contrary. In summary, we find no merit to the arguments of the plaintiff, and find substantial evidence supports the Commissioner's decision.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this __15__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE